UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGINA Y. STEPHENS and ANDREW W. ALEXANDER, a minor child, by his mother and natural guardian, Georgina Y. Stephens,

Plaintiffs,

CIVIL NO. 01-633 (RHK/JMM)

v.

REPORT AND RECOMMENDATION

MARY JO A. JENSEN-CARTER,

Defendant.

The above matter came on for hearing before the undersigned on August 17, 2001 upon Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31]. Karl Oliver, Esq. appeared on behalf of Plaintiffs; Valdis Silins, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31] be granted as to Counts I and II of the Amended Complaint, and that said Counts be dismissed without prejudice. The Motion should in all other respects be denied.

**FINDINGS OF FACT/REPORT**

Plaintiff's Amended Complaint contains seven Counts. Counts I and II seek declaratory judgment concerning the ownership rights to property located generally at 875 Laurel Avenue, St. Paul, Minnesota. Jurisdiction over Counts I and II is predicated solely upon the Supplemental Jurisdiction provisions of 28 U.S.C. §1367. Counsel confirmed this at oral argument. Pursuant to 28 U.S.C. §1367(a), "in any civil action of which the district

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Although permitted to exercise jurisdiction, a district court may also decline to exercise jurisdiction over supplemental claims if it finds that the supplemental claims raise novel or complex issues of state law or if the state law claim substantially predominates over the federal claim. See 28 U.S.C. §1367(c); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994). We conclude that the District Court should decline to exercise jurisdiction over Counts I and II of the Amended Complaint, and that those claims should be dismissed without prejudice.

The gravamen of Plaintiffs' Amended Complaint is the claim that they have an interest in the property at 875 Laurel Avenue to which Defendant has title. Counts I and II of the Amended Complaint ask this Court to issue a declaratory judgment "declaring Plaintiffs' rights and legal interests, including but not limited to Plaintiffs' homestead interests, to the Property." Although the manner in which the parties have presented this case has caused unnecessary complexity, the declarations sought by Plaintiffs do not necessarily involve the resolution of novel or complex issues of Minnesota law. However, we conclude that the Court should decline to exercise supplemental jurisdiction over Counts I and II because these issues substantially predominate over any claims over which the Court might have original jurisdiction.

"When 'it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought,'" it is appropriate for a federal court to decline to exercise jurisdiction over the state law claims. Craig Lyle Ltd. Ptsp. v. Land O'Lakes, Inc., 877 F. Supp. 476, 484-85

(D. Minn. 1995)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). "Rules relating to real property are a prototypical example of the kinds of legal issues of uniquely local concern into which federal courts should be reluctant to intervene." Bu v. Benenson, 2001 WL 883653 at *6 (S.D.N.Y. Aug. 7, 2001)(citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997))(additional citations omitted). Counts I and II of the Amended Complaint raise issues of state law relating to real property, which substantially predominate over the other issues. There is also doubt as to whether the "federal" issues in Counts III through VII in fact state a cause of action.

Our conclusion that the Court should decline to exercise supplemental jurisdiction over Counts I and II of the Amended Complaint is also supported by the pendency of another matter involving the same parties, captioned Jensen-Carter v. Alexander, 01-1087. In that case the right of possession to the property at 875 Laurel Avenue will be determined. In a Report and Recommendation issued in that case, we have recommended that it be remanded to state court for want of federal jurisdiction. By declining to exercise jurisdiction over Counts I and II by dismissing them from the instant action, the Court fosters comity in these two cases, and permits the cases to be consolidated, as the parties have indicated is their desire.

Counts III through V of the Amended Complaint allege violations of Bankruptcy law, 11 U.S.C. §§524(a)(2), 524(a)(3), and 522(f)(1) respectively. Counts VI and VII attempt to allege constitutional violations, and "legal and equitable defenses to Trustees' claims to Plaintiffs' interests in the property." We have independently ordered that proceedings in Counts III through VII shall be stayed pending resolution of state court proceedings in the matter of Jensen-Carter v. Alexander, 01-1087 (RHK/JMM), without

prejudice to the Defendant's claim that these Counts should also be dismissed. We do not address that argument at this time, as a matter of judicial economy.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31] be granted as to Counts I and II of the Amended Complaint, and that said Counts be dismissed without prejudice. The Motion should in all other respects be denied.

Dated: September 19, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 3, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 3, 2001**.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500