UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGINA Y. STEPHENS and ANDREW W. ALEXANDER, a minor child, by his mother and natural guardian, Georgina Y. Stephens,

Plaintiffs,

v.

MARY JO A. JENSEN-CARTER,

Defendant.

CIVIL NO. 01-633 (RHK/JMM)

EXHIBIT A

**REPORT AND RECOMMENDATION**

The above matter came on for hearing before the undersigned on August 17, 2001 upon Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31]. Karl Oliver, Esq. appeared on behalf of Plaintiffs; Valdis Silins, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31] be granted as to Counts I and II of the Amended Complaint, and that said Counts be dismissed without prejudice. The Motion should in all other respects be denied.

## FINDINGS OF FACT/REPORT

Plaintiff's Amended Complaint contains seven Counts. Counts I and II seek declaratory judgment concerning the ownership rights to property located generally at 875 Laurel Avenue, St. Paul, Minnesota. Jurisdiction over Counts I and II is predicated solely upon the Supplemental Jurisdiction provisions of 28 U.S.C. §1367. Counsel confirmed this at oral argument. Pursuant to 28 U.S.C. §1367(a), "In any civil action of which the district

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Although permitted to exercise jurisdiction, a district court may also decline to exercise jurisdiction over supplemental claims if it finds that the supplemental claims raise novel or complex issues of state law or if the state law claim substantially predominates over the federal claim. See 28 U.S.C. §1367(c); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994). We conclude that the District Court should decline to exercise jurisdiction over Counts I and II of the Amended Complaint, and that those claims should be dismissed without prejudice.

The gravamen of Plaintiffs' Amended Complaint is the claim that they have an interest in the property at 875 Laurel Avenue to which Defendant has title. Counts I and II of the Amended Complaint ask this Court to issue a declaratory judgment "declaring Plaintiffs' rights and legal interests, including but not limited to Plaintiffs' homestead interests, to the Property." Although the manner in which the parties have presented this case has caused unnecessary complexity, the declarations sought by Plaintiffs do not necessarily involve the resolution of novel or complex issues of Minnesota law. However, we conclude that the Court should decline to exercise supplemental jurisdiction over Counts I and II because these issues substantially predominate over any claims over which the Court might have original jurisdiction.

"When 'it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought,'" it is appropriate for a federal court to decline to exercise jurisdiction over the state law claims. Craig Lyle Ltd. Ptsp. v. Land O'Lakes, Inc., 877 F. Supp. 476, 484-85

(D. Minn. 1995)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). "Rules relating to real property are a prototypical example of the kinds of legal issues of uniquely local concern into which federal courts should be reluctant to intervene." Bu v. Benenson, 2001 WL 883653 at *6 (S.D.N.Y. Aug. 7, 2001)(citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997)(additional citations omitted). Counts I and II of the Amended Complaint raise issues of state law relating to real property, which substantially predominate over the other issues. There is also doubt as to whether the "federal" issues in Counts III through VII in fact state a cause of action.

Our conclusion that the Court should decline to exercise supplemental jurisdiction over Counts I and II of the Amended Complaint is also supported by the pendency of another matter involving the same parties, captioned Jensen-Carter v. Alexander, 01-1087. In that case the right of possession to the property at 875 Laurel Avenue will be determined. In a Report and Recommendation issued in that case, we have recommended that it be remanded to state court for want of federal jurisdiction. By declining to exercise jurisdiction over Counts I and II by dismissing them from the instant action, the Court fosters comity in these two cases, and permits the cases to be consolidated, as the parties have indicated is their desire.

Counts III through V of the Amended Complaint allege violations of Bankruptcy law, 11 U.S.C. §§524(a)(2), 524(a)(3), and 522(f)(1) respectively. Counts VI and VII attempt to allege constitutional violations, and "legal and equitable defenses to Trustees' claims to Plaintiffs' interests in the property." We have independently ordered that proceedings in Counts III through VII shall be stayed pending resolution of state court proceedings in the matter of Jensen-Carter v. Alexander, 01-1087 (RHK/JMM), without



35.

prejudice to the Defendant's claim that these Counts should also be dismissed. We do not address that argument at this time, as a matter of judicial economy.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss and for Sanctions [Docket Nos. 28, 31] be granted as to Counts I and II of the Amended Complaint, and that said Counts be dismissed without prejudice. The Motion should in all other respects be denied.

Dated: September 19, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 3, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 3, 2001**.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Georgina Y. Stephens and Andrew W. Alexander, a minor child, by his mother and natural guardian, Georgina Y. Stephens,

Plaintiffs,

v.

Mary Jo A. Jensen-Carter,

Defendant.

Civil No. 01-633 (RHK/JMM)

**ORDER**

---

The above-entitled matter comes before the Court upon the Report and Recommendation (R&R) of United States Magistrate Judge John M. Mason dated September 29, 2001. The Court has reviewed de novo that portion of the R&R to which Plaintiffs have filed Objections.

Based upon the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein, **IT IS ORDERED:**

1. Plaintiffs' Objections (Doc. No. 70) are **OVERRULED;**

2. The Report and Recommendation (Doc. No. 63) is **ADOPTED;**

3. Defendant's Motions to Dismiss and for Sanctions (Doc. Nos. 28 and 31) are **GRANTED** as to Counts I and II of the Amended Complaint;

4. Counts I and II of the Amended Complaint may be, and hereby are, **DISMISSED WITHOUT PREJUDICE;** and

OCT 24 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

5. The Motions are in all other respects **DENIED**.

Dated: October 24, 2001

RICHARD H. KYLE
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Georgina Y. Stephens and Andrew W. Alexander, a minor child, by his mother and natural guardian, Georgina Y. Stephens,

Plaintiffs,

Civil No. 01-633 (RHK/JMM)

**ORDER**

v.

Mary Jo A Jensen-Carter,

Defendant.

By Order dated October 24, 2001, this Court affirmed Judge Mason's determination to stay all proceedings as to Counts III - VII of the Amended Complaint until further Order of the Court. Accordingly, this Court's February 4, 2002 Order setting the above matter as ready for trial as of July 1, 2002 is **VACATED** as to CV-01-633. The parties shall promptly notify this Court of the disposition of the issues raised in CV-01-1087 by the courts of the State of Minnesota.

Dated: February 6, 2002

RICHARD H. KYLE
United States District Judge

EXHIBIT B

78

FEB 0 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD

FILED
Court Administrator

JAN 27 2004

By ______ Deputy

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT
CIVIL DIVISION - MONAHAN, J.

COURT FILE NO: C8-01-4968

MARY JO JENSEN-CARTER,

PLAINTIFF,

v.

GEORGINA Y. STEPHENS, *et al.*,

DEFENDANTS.

ORDER

This matter was heard on 4 December 2003 by the Honorable M. Michael Monahan, District Court Judge, on Defendant Georgina Y. Stephens' motions: (a) pursuant to Minn.R.Civ.P. 56 for summary judgment; (b) to exclude witnesses; and (c) pursuant to Minn.Stat. §549.20 to amend her answer and counterclaim to assert a claim for punitive damages. The parties were given until 2 February 2004 to make additional submissions. The submissions were completed by 6 January 2004 and the matter was submitted as of that date.

Michael J. Iannacone appeared for Plaintiff.

Defendant Georgina Y. Stephens ("Stephens") appeared *pro se*.

Defendant Larry Kenneth Alexander ("Alexander") did not appear.

Based on the arguments of counsel and the entire record in this matter:

**IT IS ORDERED that:**

1. Defendant Stephens' motion for summary judgment is **GRANTED.**

2. Defendant Stephens' motion to exclude witnesses is **MOOT.**

3. Defendant Stephens' motion to amend her counterclaim to assert a claim for punitive damages is **DENIED.**

EXHIBIT C

Blumberg No. 5118

4. The following memorandum is a part of this order and constitutes the court's findings of fact and conclusions of law to the extent required by Minn.R.Civ.P. 52.01.

5. The mailing of this order by the court to counsel and Stephens is notice of its entry for all purposes.

Dated: 27 January 2004.

M. Michael Monahan
M. Michael Monahan
District Court Judge

67

JUDGMENT

The foregoing shall constitute the judgment of the Court.

Entered: 5/3/04

MICHAEL G. MORIARITY
Court Administrator

By Barbara Hengge
Deputy Clerk

cc: Michael Iannacone
Georgina Y Stephens
Larry K. Alexander

MEMORANDUM

A. FACTS.

1. This Litigation. This is an unlawful detainer action pursuant to Minn.Stat. § 504B.301. Plaintiff is the trustee of Alexander's Chapter 7 bankruptcy. Alexander is Stephens' former husband. The action centers on the right to possession of a house located at 875 Laurel Avenue, Saint Paul (the "Property"), occupied currently by Stephens and claimed as her homestead pursuant to Minn.Stat. § 510.01 *et seq.*

In her complaint, Plaintiff alleges:

> 10. Based upon the Eighth Circuit Court of Appeals' Orders affirming the Bankruptcy Court, the true and rightful owner of the real property located at 875 Laurel Avenue is the Chapter 7 bankruptcy estate of Larry Kenneth Alexander.
>
> 11. The bankruptcy estate has not and does not consent to Mr. Alexander or any other person occupying the property at 875 Laurel Avenue. Mr. Alexander and Ms. Stephens have been duly notified of the estate's lack of consent and have been asked to vacate the property. Notwithstanding that request and their lack of basis for remaining in the property, Mr. Alexander and Ms. Stephens have refused to vacate the property.

Alexander has not answered or otherwise appeared in this action. Stephens answered alleging, *inter alia*, that:

> 6. Plaintiff's Complaint fails as under Minnesota law, Plaintiff's rights are no greater than Stephens' husband and the seizure of the homestead violates the Minnesota Constitution Article 1, § 12 and Minnesota Statute § 510 which exempts the homestead of the family from debts of the spouse.

2. The Property & Marriage. Alexander acquired the property in 1977. Alexander and Stephens were married in May 1990 and resided at the Property. At some point prior to June 1998, Alexander moved out of the Property but Stephens remained.

On or about 11 June 1998, Alexander commenced a divorce action. In his petition for dissolution, Alexander states that he had acquired the Property prior to the marriage and that it was Stephens' and his homestead. The Petition then states:

> Petitioner [Alexander] came into title to the homestead before marriage, however, for valuable consideration already tendered by Respondent [Stephens], Petitioner does agree herein to forever convey joint tenancy interest in favor of Respondent based upon Respondent's contribution of non-martial assets to improve and maintain the property and appreciation of the home throughout the marriage. Petitioner agrees to be barred from having or asserting against Respondent any right, claim, demand or obligation at anytime thereafter, for any purpose, except by divorce decree. (Brackets added).

In October 1999, Stephens signed an Answer and Counter Petition in the marriage dissolution in which she states under oath:

> Petitioner [Alexander] is the owner of property acquired prior to the marriage located at 875 Laurel Avenue, in the County of Ramsey, State of Minnesota, legally described as ....(Brackets added).

3. The Bankruptcy Cases. On 18 June 1998, Alexander filed for protection under Chapter 13 of the United States Bankruptcy Code. In the schedules accompanying his petition, Alexander claims a homestead exemption with respect to his interest in the Property. Ultimately and after a good deal of litigation, the Chapter 13 Court denied the exemption finding that, because Alexander was not physically residing in the Property at the time of his petition, he was not entitled to claim it as his exempt homestead. Alexander appealed but the appeal was dismissed when Alexander failed to post a bond.

Alexander's bankruptcy was converted to a Chapter 7 proceeding. In that proceeding, Plaintiff objected to Alexander's reasserted claim that the Property was his exempt homestead. That objection was sustained by the Chapter 7 Court, and that decision was ultimately affirmed on 8 January 2001.

Meanwhile, Stephens commenced the first of two bankruptcy proceedings on 17 August 1998 when she sought Chapter 7 protection. In her petition, Stephens lists the Property as her residence but does not claim an interest in or seek an exemption with respect to any interest she may have in the Property. Actually, she states that she is paying Alexander $1,175 per

month as rent. Stephens filed a Chapter 13 proceeding on 7 June 1999 in which she again claims that she is paying rent to Alexander and, again, does not claim an interest in the Property nor seeks its exemption. In both proceedings, Stephens received a certificate of discharge.

4. Litigation in Federal Courts. It is safe to say that there has been extensive and convoluted litigation in the federal courts relating to the Property and to the claims of both Alexander and Stephens that the Property was exempt as to them. In August 1999, Alexander filed amended schedules in Stephens' Chapter 7 case and in his Chapter 13 case asserting that the Property was exempt as to Stephens. There appears to be serious questions regarding the procedural validity of these amended schedules.

In 2001, Stephens commenced a federal action against Plaintiff as trustee of Alexander's Chapter 7 bankruptcy estate claiming that the Property was Stephens' homestead. In that action, Stephens sought a temporary injunction preventing Plaintiff from attempting to evict Stephens. That request was denied.

Undeterred, Stephens then brought a motion in Alexander's bankruptcy case asserting her homestead claim to the Property. When the bankruptcy judge refused to hear the motion because the Alexander case was assigned to a different judge, Stephens brought the same motion in her Chapter 7 case. The bankruptcy court refused to enjoin Plaintiff from seeking to evict Stephens from the Property, and that refusal was affirmed on appeal.

After Stephens' efforts to obtain injunctive relief were denied, Plaintiff commenced this action. Stephens had the action removed to federal court. After the various motions described above were decided, and various appeals, this action was remanded to this court.

For the first time in early 2002, Stephens asserted that Alexander had conveyed his interest in the Property to her and their son, as joint tenants, pursuant to an unrecorded quit claim deed dated 15 March 1998 and acknowledged before a notary public on 16 March 1998.

That deed was recorded with the Ramsey County Recorder on 30 June 2003 as document number 3640137.

In her motion for summary judgment, Stephens advances a variety of arguments including that the Property is her homestead pursuant to Minn.Stat. § 510.01 *et seq*. Plaintiff responds by pointing out that until 2002 Stephens had conceded that legal title to the Property was vested in Alexander, that during several years of litigation Stephens had claimed that she was Alexander's tenant, that the sudden appearance of the unrecorded deed is extremely suspicious, and that Stephens failed to claim the Property as exempt in either of her bankruptcy cases. From these facts, Plaintiff argues that there are genuine issues of material fact regarding the ownership of the Property precluding summary judgment.

**B. LAW.**

1. Rule 56. Summary judgment is appropriate where the pleadings and any other evidentiary submissions show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Thiele v. Stich*, 425 N.W.2d 580 (Minn. 1988)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The facts presented on a motion for summary judgment must be viewed in the light most favorable to the non-moving party. *Id.* But, the non-moving party must provide specific facts indicating that there is a genuine issue of fact. *Hunt v. IBM Mid America Employee's Federation*, 384 N.W.2d 853, 855 (Minn. 1986).

2. Unlawful Detainer. An unlawful detainer action provides a summary remedy for obtaining possession of property that is wrongfully held. *See Fritz v. Warthen*, 298 Minn. 54, 58, 213 N.W.2d 339, 341 (1973). In general, the sole issue for determination in an unlawful detainer proceeding is the right to immediate possession. That determination turns on whether the facts alleged in the complaint are true. *Minneapolis Community Dev. Agency v. Smallwood*, 379 N.W.2d 554, 555 (Minn.App.1985), *rev. denied* 19 Feb. 1986. The plaintiff is entitled to a writ of restitution if the court finds that the allegations are true. See Minn.Stat. § 566.15 repealed

Laws 1998, c. 253, § 80, now Minn.Stat. § 504B.355. "Eviction" is defined as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property." Minn.Stat.§ 504B.001, subd. 4. Counterclaims and equitable defenses may be addressed in an eviction proceeding only if the eviction action presents the only forum for litigating these claims. *Fraser v. Fraser*, 642 N.W.2d 34, 40-41 (Minn.App.2002).

4. Homestead. The Minnesota Constitution and related statutes provide protection for homes against the claims of creditors:

> A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const. art. 1, § 12. Accordingly, Minn.Stat. § 510.01 (1982) provides:

> The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated * * * shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt * * *.

Any interest in land, whether legal or equitable, is "ownership" for the purposes of a homestead exemption. Minn.Stat. § 510.04; *In re Guardianship of Huesman*, 381 N.W.2d 73, 76 (Minn.App. 1986). Strong public policy supports the statutory provisions regarding the homestead exemption. *Denzer v. Prendergast*, 267 Minn. 212, 216-18, 126 N.W.2d 440, 443-44 (1964).

The fact that homestead status was not previously claimed is not determinative. *See Lieberman Music Co. v. Hagen*, 404 N.W.2d 290, 292 (Minn.App.1987). Once a homestead right is established, the burden shifts to the creditor to establish abandonment by clear and convincing evidence. *Vickery v. First Bank of LaCrosse*, 368 N.W.2d 758, 763 (Minn.App.1985), *rev. denied* 20 Aug. 1985.

3. Punitive Damages. Minnesota law provides that punitive damages are allowed in civil actions upon clear and convincing evidence that the defendant's acts show deliberate disregard for the rights or safety of others. Minn.Stat. § 549.20, subd. 1(a) (2000). A defendant acts with deliberate disregard for the rights or safety of others if the defendant acts intentionally in

disregard of facts that create a high probability of injury to the rights or safety of others. *Id.*, subd. 1(b)(1), (2) (2000). "A mere showing of negligence is not sufficient; instead, the conduct must be done with malicious, willful, or reckless disregard for the rights of others." *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 268 (Minn.1992). A victim has "the burden to prove such willful indifference by clear and convincing evidence." *See Minneapolis Police Dep't v. Minneapolis Comm'n on Civil Rights*, 402 N.W.2d 125, 133 (Minn.App.1987), *aff'd*, 425 N.W.2d 235 (Minn.1988).

**C. Discussion.**

At the outset, it must be observed that there are serious and compelling questions regarding the good faith and the veracity of Alexander and Stephens in the commencement and conduct of their respective bankruptcy proceedings. An impartial observer could conclude from the facts recited above that they were involved in some sort of scheme with respect to the Property. What the objective of that scheme was, or is, is inscrutable for me. Perhaps, the question of their bankruptcy good faith should be brought up in some appropriate context, but that context is not this unlawful detainer action. The question here is whether Plaintiff has shown that there are genuine issues of material fact relating to her claim to immediate possession of the Property.

As between Stephens and Plaintiff, the issue is whether the Property is Stephens' homestead under Minnesota law. In that regard, Plaintiff was given a specific opportunity to brief the implications of Minn.Stat. § 510.01 *et seq.* in the context of this case. Tr. 4 Dec. 2003 at 19-24. Plaintiff's subsequent filing does not address the issue directly. Court Docket No. 60.

Stephens has made a *prima facie* case that she has a homestead interest in the Property created when she married Alexander and occupied the Property as her homestead from the date of marriage through the present. *See* Minn.Stat. § 510.01 *et seq.* Thus, under Minn.R.Civ.P. 56, the burden shifts to Plaintiff to demonstrate that there is some evidence, when

viewed in the light most favorable to her, which tends to create a genuine issue of material fact that Stephens abandoned that homestead interest or that the interest was otherwise extinguished. Plaintiff has failed to do so. Therefore, Stephens is entitled to summary judgment dismissing the complaint as to her.

There is no basis for concluding that there is clear and convincing evidence that the Plaintiff's acts show a deliberate disregard for Stephens' rights or safety. Given Alexander's and Stephens' conduct in their bankruptcy proceedings, and the various orders made in those proceedings with respect to the Property, Plaintiff was well within her rights in, if not actually obligated to, pursuing this case. There is no basis for punitive damages here.

M.M.M.

APR 29 2004

By [signature] Deputy

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT
CIVIL DIVISION - MONAHAN, J.

COURT FILE NO: C8-01-4968

**MARY JO JENSEN-CARTER,**

PLAINTIFF,

v.

**GEORGINA Y. STEPHENS, *et al.*,**

DEFENDANTS.

## ORDER FOR JUDGMENT

This matter was heard on 4 December 2003 by the Honorable M. Michael Monahan, District Court Judge, on Defendant Georgina Y. Stephens' motions: (a) pursuant to Minn.R.Civ.P. 56 for summary judgment; (b) to exclude witnesses; and (c) pursuant to Minn.Stat. §549.20 to amend her answer and counterclaim to assert a claim for punitive damages. The parties were given until 2 February 2004 to make additional submissions. The submissions were completed by 6 January 2004 and the matter was submitted as of that date.

On 27 January 2004, an order was entered granting summary judgment to Defendant Georgina Y. Stephens and denying her other motions. Court Docket 63.

At the settlement conference held on 28 April 2004, the parties asked that judgment be entered pursuant to the January 27th order.

Michael J. Iannacone appeared for Plaintiff.

Defendant Georgina Y. Stephens ("Stephens") appeared *pro se*.

Defendant Larry Kenneth Alexander ("Alexander") did not appear and is in default.

Based on the arguments of counsel and the entire record in this matter:

**IT IS ORDERED that:**

1. Judgment is granted to Defendant Georgia Y. Stephens and against Plaintiff: (a) dismissing the complaint with prejudice; (b) declaring that, pursuant to Minn.Stat. § 510.01, Defendant Georgia Y. Stephens is entitled to current possession of the real property commonly know as 875 Laurel Avenue, Saint Paul, Minnesota; and (c) awarding Defendant Georgia Y. Stephens her statutory costs and disbursements.

2. The mailing of this order by the court to counsel and Stephens is notice of its entry for all purposes.

3. The automatic stay imposed by Minn.Gen.R.Prac. 125 is vacated.

**LET JUDGMENT BE ENTERED ACCORDINGLY WITHOUT STAY.**

Dated: 29 April 2004.

M. Michael Monahan

M. Michael Monahan
District Court Judge

67 JUDGMENT

The foregoing shall constitute the judgment of the Court.

Entered: 5/3/04

MICHAEL G. MORIARITY
Court Administrator

By Barbara Hangge
Deputy Clerk

cc: Michael Iannacone
Georgina Y Stephens
Larry K. Alexander

OFFICE OF
APPELLATE COURTS

JUL 22 2004

FILED

STATE OF MINNESOTA

IN COURT OF APPEALS

Mary Jo Jensen-Carter,

Appellant,

vs.

Georgina Y. Stephens, et al.,

Respondents.

ORDER

A04-1218

BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND APPELLANT'S NOTICE OF VOLUNTARY DISMISSAL,

IT IS HEREBY ORDERED THIS APPEAL IS DISMISSED.

Dated: July 21, 2004

BY THE COURT

Judge Harriet Lansing

CLL:mbs

EXHIBIT D

Blumberg No. 5118